Bibb<br>v.<br>Union Bank<br>of Louisiana.

The first point made must be considered as settled in favor of the defendants
by the decision in the case of the *Commissioners of the New Orleans Im-
provement and Banking Company* v. *Jewett*, 11 Rob. p. 20.

The second presents no difficulty. Art. 3442 of the Code provides that, he
who acquires an immovable in good faith, and by a just title, prescribes for it
in ten years *if the real owner* reside in the State, and in twenty years if the
owner resides out of the State. Art. 3444 provides that, for the prescription
of slaves the time will be one half of that required for immovables. These
prescriptions only run against *the real owner*. They do not affect mortgage
creditors.

By an express disposition of art. 2180, of the Nap. Code, prescription is
acquired by the third possessor of mortgaged property, by the lapse of time
fixed by law for the prescription of the property itself. This disposition has
been omitted in art. 3374 of our Code, which is otherwise the same; and the
prescription against mortgages can only be acquired by the time fixed by law
for the prescription of the hypothecary action.

It is therefore decreed that the judgment in this case be reversed. It is fur-
ther decreed that the injunction sued out by the plaintiffs be set aside and
dissolved, and the defendants allowed to proceed under their execution. And
the claim of the defendants, bearing interest at the rate of ten per cent per
annum, it is further decreed that the plaintiffs, together with *Ambrose White*
and *Thomas Green Davidson* their sureties on the injunction bond, be adjudged
to pay the defendants, *in solido*, $100 damages. It is further ordered that the
plaintiffs pay costs in both courts.

---

## Courmes v. Maxent, Tutor, &c.

Where in the account rendered by a tutor in an action to compel an account, certain notes
given by the purchaser of property of the minor are stated to be not yet settled, in conse-
quence of a suit relative to the property, and they are not produced, and no evidence is
offered as to their security, and no demand of payment of the notes is proved to have been
made, nor suit instituted, nor other attempt to recover them, evidence will be received to
show the disturbance of title by the suit, but judgment will be rendered against the tutor
for their amount. *Per Curiam:* We will not permit a tutor to plead for others, who are
silent, against his pupil.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. *Castera*,
for the plaintiff. *T. G. Morgan*, for the appellant. The judgment of
the court was pronounced by

Eustis, C. J. The defendant is appellant from a judgment against him in
favor of the plaintiff, for the sum of $2,412 31, with interest from the 18th
March, 1839, as heir of his deceased grandmother; and for the further sum of
$2,412 31, with interest from 18th March, 1836, as assignee of *J. B. Forester*

COURMES
v.
MAXENT.

*Maxent*; which judgment also dismisses him from the trust as administrator of the succession of the late *Henrietta Maxent.*

On behalf of the appellant it has been submitted that, the District Court erred in refusing to the defendant further time to plead and answer. The suit was instituted in March, 1847. There was an agreement of counsel made in July, to try the cause in October following, and it was not tried until January, 1848. The defendant had abundant time to bring forward every just matter of defence, and the event has proved that the judge did not err in refusing the application of the defendant, which would only have resulted in delay, had it been granted.

The defendant offered evidence on the trial of the cause, to show a disturbance, by a suit of third persons, of the title and possession of *Davenport*, who had purchased a plantation, one-third thereof belonging to the plaintiff, a minor, and given his notes for the amount of the purchase money, which notes were returned in the account rendered by the defendant as being in his hands and unpaid, and for which the defendant was sought to be made liable. They were stated in the defendant's account as not yet settled, on account of the suit existing as to the plantation : they were not produced nor tendered, and no evidence concerning their security was given on the trial of the cause. The district judge refused to receive the evidence, and the defendant took his bill of exceptions. We concur with the judge in his opinion. He would not permit, in his expressive language, the tutor to plead for others, who are silent, against his pupil. No demand is proved to have been made of the notes, no suit was instituted, no attempt made to secure them; and *non constat* that the purchaser would have made any such defence, or that he would not have paid the notes rather than have subjected himself to the payment of interest.

If the evidence offered were taken as part of the defence, the defendant has not placed himself in a situation to avail himself of it.

It is objected that the judge erred in allowing the plaintiff interest from the 18th of May, 1836, on the amount claimed under the transfer of *Forester Maxent.* If the judgment be opened, we should allow the plaintiff an increased amount, in consequence of the total neglect of duty on behalf of the appellant in his trusts of tutor and administrator ; but as the plaintiff does not insist on an amendment of the judgment, we shall make no change in it.

It is therefore ordered that the judgment appealed from be affirmed, the costs of this appeal, by consent, to be equally divided between the parties ; and their agreement, of date the 24th of March, 1848, on file in this court, concerning the mode in which this judgment may be in part satisfied, to be made a part of this judgment and certified accordingly.